UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH E. KING,

      Petitioner,

v.                                          Case No. 05-C-0928

GREG GRAMS, Warden,
Columbia Correctional Institution,

      Respondent.

**ORDER ON RULE 4 REVIEW**

On August 30, 2005, the petitioner, Kenneth E. King ("King"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to King's petition and the documents filed therewith, on September 9, 2003, a jury found King guilty of armed robbery while threatening the use of a dangerous weapon, contrary to Wis. Stat. § 943.32(1)(b). The court imposed a sentence of twenty-five years, comprised of fifteen years of initial confinement and ten years of extended supervision.

King's appellate counsel thereafter filed a no-merit report with the Wisconsin Court of Appeals. King also filed with the court of appeals a response to his counsel's no-merit report. The court of appeals affirmed King's conviction on March 11, 2005. On July 28, 2005, the Wisconsin Supreme Court denied King's petition for review.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

The clerk must promptly forward the petition to a judge under the court's assignment

procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from King's petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition. Moreover, the briefing schedule which is set forth below will thereafter govern the processing of King's petition. In that latter connection, the briefing schedule does not include a date for the petitioner to file a brief in support of his petition because the materials which he filed along with his petition already includes a "Memorandum of Law in Support of the Petition for Writ of Habeas Corpus."

**NOW THEREFORE IT IS ORDERED** that on or before October 28, 2005, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before December 1, 2005, the respondent shall file his brief in opposition to the petitioner's brief/memorandum of law;

**IT IS FURTHER ORDERED** that on or before January 3, 2006, the petitioner shall file his reply brief in support of his petition.

**SO ORDERED** this 6th day of September 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge